Bank of Commerce *v*. Rees W. Porter.

BANK OF COMMERCE *v*. REES W. PORTER.

1. PLEADING.  *Plea of non-assumpsit.  What defences admissible under.*  In an action of *assumpsit* for money loaned, deposited, *and for money due and owing upon previous dealing between the parties*, a plea of *non-assumpsit* is sufficient to admit all defences, as it puts in issue the allegation that there is any thing due upon previous dealings. It is a natural and legitimate answer also to show under a general denial that nothing is due to plaintiff by a counter *assumpsit* purely defensive, and not as a cross-action.

2. RES JUDICATA.  *Usury.  Surety not entitled to benefit of.  When.*  Under a replication of *res judicata*, it is insisted that because the paper in controversy was held to be void in a suit by the bank against Breen & Bradley, the Bank is estopped from seek-

Bank of Commerce *v.* Rees W. Porter.

ing a recovery against Porter. This would be so if Porter was a surety upon the paper, but since he is a principal, the rule does not apply.

Cases cited: Gill *v.* Morris, MS. at Knoxville.

### FROM DAVIDSON.

Appeal from the Circuit Court. EUGENE CARY, Judge.

JNO. REID and A. L. DEMOSS for Bank of Commerce.

NEIL S. BROWN and ED. BAXTER for Porter.

TURNEY, J., delivered the opinion of the Court.

To the May Term, 1861, of the Circuit Court for Davidson County, Rees W. Porter sued the plaintiff in error in an action of *assumpsit*. As it becomes necessary to the consideration of the questions presented, we give the declaration in its words.

"The plaintiff sues the defendant for twenty-one hundred dóllars, which, he says, is due from it on the —— day of ———, 185-, by account, for money before that time deposited with the defendant, and for money loaned, *and for money due and owing upon previous dealings between them,* which said sum of money, with interest thereon is now due."

To this declaration were pleaded *non-assumpsit,* payment and set-off.

In the view we take of the case, it is unnecessary to notice the third plea, which is at least very

informal, at all, further than to say the matter of
set-off is a promise in the words:

"$2,060.00.                NASHVILLE, March 24, 1856.

"Four months after date I promise to pay Rees
W. Porter or order two thousand and sixty dollars
at the Bank of Tennessee, at Nashville, for value
received.          Signed,        "REES W. PORTER,
    "REES W. PORTER,             "JOHN S. BRIEN.
    "JAS. S. BRADLEY,
    "WM. SUMMERHILL."

And which is claimed to have been sold by Rees
W. Porter to the Bank of Commerce. The averment
in the declaration, *" and for money due and owing upon
previous dealing between them,"* saves the necessity of
an inquiry into the form and substance of the plea
of set-off.

To it the plea of *non-assumpsit* is sufficient to
admit all defences, as it puts in issue the allegation
that there is any thing due upon previous dealings.
This is especially so, as the action of *assumpsit* is of
an equitable character in the nature of an account in
Chancery.

*Assumpsit* would lie upon the paper exhibited, and
the defendant in error instituting that action for the
broad purpose of a judicial investigation of previous
dealings between the parties, it is a natural and
legitimate answer to show, under a general denial,
that nothing is due the plaintiff, and to sustain that
denial by a counter *assumpsit,* purely defensive and

not as a cross-action. The plaintiff is in no condition to complain that he has been misled by this illogical and uncertain state of pleadings, as his declaration warrants it.

Under a replication of *res judicata* it is insisted that as a suit by Wetmore, for the benefit of the bank, against Brien & Bradley, this paper was held to be void for usury, the bank is estopped from seeking a recovery against Porter. This would be so if Porter was a surety upon the paper. He is not shown to be a surety, but is, so far as we can by the record see, a principal, and the rule does not apply. The distinction is elaborately and plainly defined by Nicholson, C. J., in *Gill* v. *Morris*, determined at Knoxville at the last term.

The judgment is reversed and the cause remanded, with leave to the parties to replead.